UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LI QIN DONG,

      Petitioner,                              CASE NO. 11-11608
                                                  HON. LAWRENCE P. ZATKOFF

v.

REBECCA ADDUCCI, U.S. ICE Field
Office Director; JANET NAPOLITANO,
Secretary of the Department of Homeland
Security; ERIC H. HOLDER, JR., Attorney
General of the United States; and RICARDO
A. WONG, Field Office Director, Department
of Homeland Security,

      Respondents.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on June 29, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court upon Petitioner's Petition for Writ of Habeas Corpus (Docket #1). The government filed a timely response in opposition to the petition. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(f)(2), it is hereby ORDERED that the Petition be resolved on the briefs submitted. For the following reasons, Petitioner's Petition for Writ of Habeas Corpus is DENIED and the stay of Petitioner's removal order is VACATED.

## II. BACKGROUND

Petitioner Li Qin Dong entered the United States on September 6, 2001, under the Visa Waiver Program ("VWP"), allegedly in pursuit of asylum for persecution for his resistance to the coercive population control policies of the People's Republic of China. Petitioner filed an application for asylum and for withholding of removal, Form I-589, with the immigration court on August 8, 2002. The immigration judge denied all relief on September 23, 2004, and the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal on January 18, 2006. Petitioner did not seek review of the BIA's decision; instead, he remained in the United States illegally.

Petitioner contends that, in September 2010, he was in the process of completing a motion to reopen before the BIA as a result of new evidence he obtained. On September 17, 2010, however, Petitioner was apprehended by Detroit Immigration and Customs Enforcement ("ICE") Fugitive Operations at his place of employment and taken into custody. Petitioner attempted to flee during his arrest. On September 23, 2010, Petitioner was ordered removed to China by the Detroit ICE Field Office Director under §217 of the Immigration and Nationality Act ("INA"). *See* 8 C.F.R. §217.4(b).

A travel document request for Petitioner was forwarded to the Consulate of China in Chicago, Illinois on September 30, 2010. According to Joseph Camaj ("Camaj"), Deportation Officer for the ICE Detroit Field Office, the ICE Headquarters Travel Document Unit ("HQ TDU") has received updates from the Chinese consulate regarding the status of that request. The Chinese consulate recently informed HQ TDU that it has sufficient information to confirm petitioner's identity and citizenship, but that the Chinese consulate must await confirmation from the provincial authority in China before it issues the travel document.

Petitioner's detention was reviewed on December 31, 2010 and March 10, 2011. According to Camaj, Petitioner's detention was continued each time because: (1) he is a flight risk, and (2) a travel document is expected in the near future. He continues to be detained at the Calhoun County Correctional Center in Battle Creek, Michigan.

On April 14, 2011, Petitioner filed his petition for writ of habeas corpus. Petitioner does not challenge the validity of his removal order; rather, Petitioner claims that his continued detention is unlawful under *Zadvydas v. Davis,* 533 U.S. 678 (2001). On June 3, 2011, the Court ordered service of the petition on the government and a response by the government within 14 days, which the government timely filed. The Court also temporarily stayed petitioner's removal to preserve jurisdiction over the petition.

### III. ANALYSIS

Petitioner filed this habeas action seeking release from custody because he has been detained longer than six months and he believes there is no significant likelihood of his removal to China in the reasonably foreseeable future. There is no dispute that Petitioner has been detained more than six months.

An alien's detention pending execution of a final deportation order is governed by section 241(a) of the INA. Under this provision, the government (via the U.S. Attorney General) is afforded a ninety-day period to accomplish the alien's removal from the United States. *See* 8 U.S.C. § 1231(a)(1)(A)-(B). The ninety-day period begins on the latest of the following events: (i) the date the removal order becomes final; (ii) if the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from

detention or confinement. 8 U.S.C. § 1231(a)(1)(B). Congress has expressly provided that the alien who has been ordered removed from the United States must be detained during this period. 8 U.S.C. § 1231(a)(2). In addition, under certain circumstances, the Attorney General may continue to detain an alien after the expiration of the ninety-day removal period. As it is relevant to this cause of action, an alien: (a) who has been ordered removed, and (b) who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal may be detained beyond the removal period. 8 U.S.C. § 1231(a)(6).

Petitioner was ordered removed on September 23, 2010. Thus, his ninety-day removal period expired on December 22, 2010. As Petitioner attempted to flee during his arrest, however, the Attorney General has determined that Petitioner is a flight risk and is unlikely to comply with his order of removal. Therefore, it is undisputed that it was permissible for the Attorney General to detain Petitioner beyond the ninety-day removal period. 8 U.S.C. § 1231(a)(6). In his habeas petition, however, Petitioner contends that because he has been detained beyond six months, his detention violates the Supreme Court's holding in *Zadvydas*. The Court disagrees.

In *Zadvydas,* the Supreme Court held that detention under § 1231(a)(6) may not continue indefinitely, but rather, only for "a period reasonably necessary to secure removal." *Id.* at 699-701. The Supreme Court concluded that six months is a presumptively reasonable period of time for the government to effect removal. *Id.* at 701. The Court further stated:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

In this case, Petitioner's six-month presumptively reasonable period of detention under *Zadvydas* expired on March 22, 2011. Nonetheless, the Court concludes that the continued detention of Petitioner is not in violation of 8 U.S.C. §1231(a)(6). As a preliminary matter, the Court finds that Petitioner has not provided the Court with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Moreover, even if the Court were to find that Petitioner had met that burden, the Attorney General has responded with "evidence sufficient to rebut the showing" by Petitioner.

First, it is undisputed that Petitioner does not challenge his order of removal. Second, as: (a) Petitioner attempted to flee when he was apprehended by Detroit ICE Fugitive Operations in September 2010, and (b) Petitioner stayed in the United States illegally for more than five years after all legal proceedings related to his order of removal from the United States concluded, the Court agrees with the Attorney General that Petitioner is a flight risk. Third, as the sworn affidavit of Camaj avers, (i) a travel document has been requested from China, and (ii) the Consulate of China in Chicago has informed ICE that it has sufficient information to confirm petitioner's identity and citizenship and that the Chinese consulate is simply awaiting confirmation from the provincial authority in China before issuing the travel document. Fourth, and most importantly, Camaj's sworn affidavit indicates that, based on his experience and the information available to him, if the stay of removal imposed by the Court is lifted, Petitioner's removal to China is significantly likely to occur in the reasonably foreseeable future.

For the foregoing reasons, the Court finds that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. As such, Petitioner's continued detention is lawful

and his habeas petition must be denied.

## IV. CONCLUSION

Accordingly, and for the foregoing reasons, the Court ORDERS that the petition for writ of habeas corpus filed by Petitioner (Docket #1) be, and hereby is, DISMISSED. The Court further ORDERS that the stay of removal be VACATED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

                                            S/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated: June 29, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 29, 2011.

                                            S/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290